**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Russell Scrocca and Corey Scrocca,
by Russell Scrocca as his parent</u>

   v.                                  Civil No. 08-cv-42-JL

<u>Town of Alton Police Department, et al.</u>[1]

**O R D E R**

Before the Court is the pro se complaint of Russell Scrocca (hereinafter "Scrocca" or "plaintiff") filed on behalf of himself and his minor son, Corey Scrocca (hereinafter "Corey"), pursuant to 42 U.S.C. § 1983 (document no. 1).  Because Scrocca has paid his filing fee, and is proceeding pro se, the matter is before me for preliminary review to determine whether or not Scrocca has properly invoked the subject matter jurisdiction of this Court. <u>See</u> United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

---

[1] In addition to the Town of Alton Police Department, plaintiff names Grant Nichols, Prospect Mountain High School, and Arthur W. Abelmann as defendants to this action.

Standard of Review

Under this Court's local rules, when a pro se plaintiff commences an action and pays the filing fee, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1)(A). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

On February 7, 2005, Corey Scrocca was suspended from the Prospect Mountain High School, where he was a student, for three days. Corey's father, Russell Scrocca, disagreed with the imposition of the suspension, and met with school official Arthur Abelmann to discuss the situation on February 7, 2005. During the meeting, Scrocca and Abelmann disagreed as to the proper course of action to take. Abelmann requested that Scrocca leave the school grounds, which he did.

Scrocca reports that after the meeting, Abelmann filed a report with the Alton Police Department that exaggerated their disagreement, and falsely alleged that Scrocca had been loud and disruptive during the meeting. As a result of that report, an arrest warrant was issued for Scrocca charging him with creating a disturbance in the school. Scrocca was arrested on February 25, 2005. The charge against Scrocca was eventually dismissed.

Scrocca now brings this action alleging that his federal constitutional rights, as well as his rights under state law, were violated by the defendants. Scrocca also alleges that Corey's federal constitutional rights were violated by the suspension.

Discussion

I.   Claims Brought on Behalf of Plaintiff's Minor Son

Parties to a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar.  See 28 U.S.C. § 1654; see also LR 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf."); LR 83.6(b) ("Pro se parties must appear personally . . . .  A pro se party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf.").  For that reason, Scrocca, proceeding pro se and not as a member of the bar of this Court, cannot represent anyone but himself in this action, including his minor child.  Accordingly, an attorney must represent Corey on the claims raised, as they cannot be presented to this Court by Scrocca.

An attorney must file an appearance on behalf of Corey within thirty days of the date of this Order in order for the claims raising Corey's rights to proceed.  If no attorney appearance is filed within thirty days, I will recommend that the claim alleging a cause of action on behalf of Corey be dismissed.

II.  Claims Brought on Behalf of Scrocca

Federal courts are courts of limited jurisdiction.  Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  The presumption is that a federal court lacks jurisdiction.  Kokkonen, 511 U.S. at 377.  Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege and prove jurisdiction.  Id.  To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action involves either a federal question or diversity jurisdiction.  See 28 U.S.C. §§ 1331 & 1332.

Section 1983 creates a cause of action against those who, acting under color of State law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[2]; Parratt v. Taylor, 451

---

[2] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  Here, Scrocca has alleged that school and police officials, acting under authority of state law, have violated his federal constitutional rights.  Accordingly, I find that, as to the claims alleging violations of his own rights, Scrocca has properly invoked the subject matter jurisdiction of this Court to allow those claims to proceed at this time.[3]

## Conclusion

Without commenting on the merits of the complaint, I find that plaintiff has invoked this court's subject matter jurisdiction for the claims brought on his own behalf.

As to the claim brought on behalf of Scrocca's minor son, an attorney must file an appearance on Corey's behalf within thirty days of the date of this Order, or I will recommend that claim be dismissed.

Plaintiff is referred to Fed. R. Civ. P. 5, which requires

---

[3]To the extent that Scrocca alleges pendent claims based on state law, arising out of the same facts and circumstances as the federal claims, I find that these involve the same case or controversy as the federal constitutional claims, and therefore properly invoke the supplemental jurisdiction of this Court and may proceed.  See 28 U.S.C. § 1367.

that every pleading after the complaint and every written motion, notice, and similar paper be served on all parties, which service shall be made by mailing it to the parties' attorney(s).

    **SO ORDERED.**

                                              /s/ James R. Muirhead
                                              James R. Muirhead
                                              United States Magistrate Judge

Date:     February 12, 2008

cc:       Russell Scrocca, pro se